# THE UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARJORIE L. PETRUCELLI,
          Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
PH-0752-17-0076-I-1

DATE: August 31, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marjorie L. Petrucelli</u>, Cranston, Rhode Island, pro se.

<u>Kimberly Jacobs</u>, Esquire, Newington, Connecticut, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On June 17, 2013, the agency granted the appellant's request for a temporary reasonable accommodation because of her medical condition. Initial Appeal File (IAF), Tab 9 at 48, 57. The accommodation consisted of a 4-hour per day work schedule with the remaining 4 hours per day being coded as leave without pay (LWOP). *Id.*

By letter dated August 5, 2014, the agency advised the appellant that it could not continue to grant her a 4-hour per day work schedule given that there appeared to be no foreseeable end to her condition. *Id.* at 57. Instead, in August 2014, and again in May 2015, it offered the appellant an accommodation of a permanent, part-time (4 hours per day) schedule in her current position. *Id.* at 48, 60. The appellant did not respond to either offer. On August 26, 2015, she filed an equal employment opportunity (EEO) complaint alleging disability discrimination. IAF, Tab 5, Subtab 1. Before the agency issued a decision on her EEO complaint, she submitted an application for disability retirement with the Office of Personnel Management and amended her EEO complaint to allege that the agency's disability discrimination and retaliation for filing her earlier EEO

complaint coerced her retirement. *Id.*, Subtabs 1-3. After the agency issued the final agency decision (FAD) on the allegation of forced retirement,[2] the appellant filed this appeal alleging that her disability retirement was involuntary because the agency failed to accommodate her disability. IAF, Tab 1, Tab 5, Subtab 1.

¶4    The administrative judge, after issuing an acknowledgement order that provided appropriate notice of the jurisdictional questions at issue, IAF, Tab 2, adjudicated the appeal under the standard to determine whether a disability retirement is involuntary. He found that the agency acted within its discretion by offering the appellant a reasonable and effective accommodation of a permanent part-time position, which she declined, apparently based on her belief that she could only be accommodated by continuing her initial accommodation of a combination of work and LWOP. IAF, Tab 12, Initial Decision (ID) at 9-11. He found that, under the circumstances of this case, the agency had no obligation to provide the appellant with the specific accommodation that she wanted. ID at 12. He concluded that the appellant failed to make a nonfrivolous allegation of fact that, if proven, would establish jurisdiction over her appeal, and he dismissed the appeal without affording her the hearing that she requested. ID at 13; IAF, Tab 1 at 3.

¶5    In her petition for review, the appellant disagrees with the findings in the initial decision, including the administrative judge's failure to afford her a hearing. Petition for Review (PFR) File, Tab 1. She states that the decision in her EEO complaint directed her to appeal to the Board to receive her requested hearing, and she asks which agency has jurisdiction over her appeal, the Equal Employment Opportunity Commission (EEOC) or the Board. *Id.* The agency has responded in opposition to the petition. PFR File, Tab 3.

---

[2] The only issue that the agency addressed in the FAD was the appellant's alleged forced retirement, which the agency processed as a mixed-case complaint. The FAD did not address the other issues that the appellant raised in her EEO complaint, and the agency processed those matters separately. IAF, Tab 5, Subtab 1.

**ANALYSIS**

The appeal is properly before the Board.

The Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111, provides for a complex interplay between the Board and the EEOC. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 11 (2016). An employee or applicant alleging discrimination in conjunction with an otherwise appealable action initially may elect either to file an EEO complaint with her agency or proceed directly to the Board. *Id.*; *Lott v. Department of the Army*, 82 M.S.P.R. 666, ¶ 6 (1999); 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b); *see* 5 U.S.C. §§ 7701(a), 7702(a)(1)-(2). However, regardless of the avenue chosen, the complaining individual's only right to an evidentiary hearing in such mixed cases is before the Board, not the EEOC. *Hess*, 124 M.S.P.R. 40, ¶ 11; *Rosso v. Department of Homeland Security*, 113 M.S.P.R. 271, ¶ 11 (2010); *see* 5 U.S.C. §§ 7701(a)(1), 7702(a); 29 C.F.R. § 1614.302(d)(3) (providing that an agency issuing a FAD on a mixed-case complaint "shall advise the complainant of the right to appeal the matter to the [Board] (not EEOC)").

An employee-initiated action such as a retirement is not appealable to the Board unless the appellant proves that it was involuntary. *Gutierrez v. U.S. Postal Service*, 90 M.S.P.R. 604, ¶ 7 (2002); *see Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 7 (2009). An involuntary retirement is tantamount to a removal and, accordingly, is appealable to the Board as an adverse action under chapter 75. *Aldridge*, 111 M.S.P.R. 670, ¶ 7; *see Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc); *see also* 5 U.S.C. §§ 7512(1), 7513(d), 7701. Thus, an involuntary retirement is an otherwise appealable action. When an appellant elects to file an EEO complaint alleging an involuntary retirement, the appellant's path to proving that her retirement was involuntary, and thus an otherwise appealable action entitling her to hearing on a mixed-case complaint, is before the Board. *See Ragland v. Department of the Army*, 84 M.S.P.R. 58, ¶ 2 (1999).

¶8    Once an involuntary retirement appeal is before the Board, the dispositive issue is jurisdictional. *See Aldridge*, 111 M.S.P.R. 670, ¶ 7 (observing that the jurisdictional issue and the merits of an alleged involuntary resignation or retirement are inextricably intertwined). When, as here, the appellant has requested a hearing, the threshold question is whether she has made a nonfrivolous allegation of jurisdiction entitling her to a hearing at which she would have the opportunity to prove jurisdiction. *See Garcia*, 437 F.3d at 1344 (finding that once an appellant makes nonfrivolous allegations of jurisdiction over a constructive adverse action, she is entitled to a hearing at which she then must prove that the Board has jurisdiction over her appeal); *Cruz v. Department of the Navy*, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc) (finding that an alleged involuntary action is not a "mixed" case involving a discrimination claim until the appellant proves that a constructive removal or suspension took place).

The appellant failed to make a nonfrivolous allegation of jurisdiction.

¶9    The Board's jurisdiction over an involuntary disability retirement claim is subject to greater limitations than is the case involving an ordinary alleged involuntary retirement. *Timinski v. Department of Agriculture*, 88 M.S.P.R. 559, ¶ 9 (2001). Disability retirement cases differ from typical retirement cases because an appellant who meets the statutory requirements for disability retirement has "no true choice between working (with or without accommodation) and not working, and disability retirement cannot be considered as a removal within the meaning of 5 U.S.C. § 7512(1)." *Id.* (quoting *Nordhoff v. Department of the Navy*, 78 M.S.P.R. 88, 91 (1998), *aff'd*, 185 F.3d 886 (Fed. Cir. 1999) (Table)). Thus, the standard for determining whether a disability retirement was involuntary, and therefore tantamount to a removal, focuses on the availability of an accommodation. *Timinski*, 88 M.S.P.R. 559, ¶ 9; *Nordhoff*, 78 M.S.P.R. at 91.

¶10   To invoke the Board's jurisdiction over an involuntary disability retirement appeal, the appellant must prove that: (1) she indicated to the agency that she wished to continue working but that her medical limitations required a

modification of her work conditions or duties, i.e., accommodation; (2) there was a reasonable accommodation available during the period between the date on which she indicated to the agency that she had medical limitations but desired to continue working and the date that she was separated that would have allowed her to continue working; and (3) the agency unjustifiably failed to offer that accommodation. *Pariseau v. Department of the Air Force*, 113 M.S.P.R. 370, ¶ 13 (2010); *see Okleson v. U.S. Postal Service*, 90 M.S.P.R. 415, ¶ 8 (2001); *Nordhoff*, 78 M.S.P.R. at 91. Once the appellant has raised a nonfrivolous allegation that such an accommodation existed but was not provided, she is entitled to a jurisdictional hearing. *Deines v. Department of Energy*, 98 M.S.P.R. 389, ¶ 13 (2005).

¶11        We construe the appellant's allegation that the administrative judge erred in failing to afford her the hearing that she requested as an assertion that the administrative judge erred by failing to find that she made a nonfrivolous allegation of jurisdiction. *See Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97 (1989) (stating that pro se pleadings are to be liberally construed), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).  Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 10 (2016).  In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶12     Here, there is no dispute that the appellant indicated to the agency that she wished to continue working but that her medical limitations required accommodation.  IAF, Tab 5, Subtab 1.  She identified an accommodation that would have allowed her to continue working, a continuation of the temporary accommodation that the agency had provided to her from June 2013 to August 2014, a 4-hour per day work schedule with the remaining 4 hours per day being coded as LWOP.  At issue is whether, by asserting that she wished to continue in the previous temporary accommodation, the appellant made a nonfrivolous allegation that the agency unjustifiably failed to offer that accommodation, thereby rendering her retirement involuntary.

¶13     The agency ended its temporary accommodation of the appellant's disability because she encumbered a full-time position, and medical evidence she provided showed no foreseeable end to her medical condition.  IAF, Tab 9 at 48.  The agency offered the appellant permanent accommodation of a part-time position, 4 hours per work day.  *Id.*  The appellant submitted no evidence to show that there was a foreseeable end to her medical condition.  She merely reiterated her preference for continuing the temporary accommodation.[3]  IAF, Tab 5, Subtabs 4-5.

¶14     An appellant is not entitled to the accommodation of her choice when the agency acts within its discretion to offer reasonable and effective accommodation.  *See Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 21 (2014).  Here, the appellant failed to make a nonfrivolous allegation that the accommodation offered by the agency was unreasonable.  Thus, she failed to

---

[3] The appellant's situation is complicated by the fact that she also sought Office of Workers' Compensation Programs (OWCP) benefits based on a December 14, 2015 incident when a veteran threatened and lunged at her while she was working.  IAF, Tab 5, Subtab 4.  The appellant appears to have sought LWOP relative to her OWCP benefits claim.  *Id.*, Subtab 11.  Whether the appellant could receive LWOP regarding her OWCP claim is unrelated to whether she made a nonfrivolous allegation that the agency unjustifiably failed to offer her continued LWOP as an accommodation.

make a nonfrivolous allegation that her retirement was involuntary. *See Pariseau*, 113 M.S.P.R. 370, ¶ 13. We therefore find that the administrative judge properly denied the appellant's request for a jurisdictional hearing and dismissed the appeal for lack of jurisdiction.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] The Board has held that other theories of involuntariness in an alleged involuntary disability retirement appeal cannot lead to a different conclusion because the essence of claims of involuntariness based on coercion, duress, or intolerable working conditions is that the employee had a choice between retiring or continuing to work but was forced to choose retirement by improper acts of the agency. *Rule v. Department of Veterans Affairs*, 85 M.S.P.R. 388, ¶ 13 (2000). An employee who is unable to work because of a medical condition that cannot be accommodated simply does not have such a choice. *Id.* To the extent that the administrative judge's consideration of other theories of involuntariness in this case was error, it did not harm the appellant's substantive rights and provides no basis to reverse the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.